**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-20100
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JULIO A RAMOS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:99-CR-457-4

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Julio A. Ramos, federal prisoner # 60283-004, has moved to proceed in forma pauperis (IFP) in his appeal of the district court's denial of his "Motion to Inspect Jury Lists." A movant for leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ramos was convicted by a jury in November 2001 of conspiracy to possess cocaine and marijuana with intent to distribute and possession of cocaine with intent to distribute. His conviction was affirmed on direct appeal, and Ramos's initial 28 U.S.C. § 2255 motion was denied.

Ramos contends that he has an "unqualified right" to inspect the jury lists pursuant to 28 U.S.C. § 1867(f) and that the district court abused its discretion by denying his motion. Ramos asserts that he has received "an anonymous letter from an alleged jury venireman" who claimed that he gave false statements to the district court regarding residency requirements. He contends that his conviction is invalid and that he is entitled to inspect the jury lists to perfect a claim regarding unqualified jurors. He argues that his challenge to the composition of the jury is not untimely and that the prior denial of his § 2255 motion does not preclude him from raising a challenge to the composition of the jury.

Ramos's instant motion to inspect the jury lists, filed more than six years after the conclusion of his jury trial, and after the conclusion of his direct appeal, is not timely under § 1867(a). *See United States v. Hawkins*, 566 F.2d 1006, 1013 (5th Cir. 1979). To the extent that Ramos seeks access to the jury lists for the purpose of raising a constitutional claim regarding the jury selection process, such a claim would not satisfy the standards of § 2255(h), which requires that a claim raised in a successive § 2255 motion be based on newly discovered evidence which "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." As Ramos has no cognizable claim based on irregularities in the jury selection process, the district court did not err in denying his motion to inspect jury lists. *See United States v. Edwards*, 442 F.3d 258, 268 n.10 (5th Cir. 2006).

Ramos has not shown that his appeal presents a nonfrivolous issue. Accordingly, his IFP motion is DENIED, and his appeal is DISMISSED. *See Carson*, 689 F.2d at 586; 5TH CIR. R. 42.2.